20-1789
*Nastasi & Assocs., Inc. v. Bloomberg, L.P., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges*.

---

NASTASI & ASSOCIATES, INC.,

> *Plaintiff-Appellant*,

v.                                                    20-1789

BLOOMBERG, L.P., TURNER CONSTRUCTION CORP., EUROTECH CONSTRUCTION CORP., DONALDSON ACOUSTICS CO. INC., JAVIER PAULINO, MARILYN FRANCISCO, ANTHONY GUZZONE, WILLIAM DALE SUMMERVILLE, LAUREN ECKART SMITH, MICHAEL CAMPANA, RONALD OLSON, FAY DEVLIN, DUANE ROBERT DONALDSON, DOUGLAS DONALDSON,

> *Defendants-Appellees*,

VITO NIGRO, DOES 1-28, TURNER CONSTRUCTION COMPANY, DOES 1-50,

> *Defendants*.

1

| | |
|---|---|
| For Plaintiff-Appellant: | JASON C. SPIRO (David B. Harrison, Peter Demato, Thomas M. Kenny, *on the brief*), Spiro Harrison, Short Hills, NJ. |
| For Defendants-Appellees: | KEITH BLACKMAN (Allan N. Taffet, *on the brief*), Bracewell LLP, New York, NY, *Attorneys for Bloomberg, L.P., William Dale Summerville and Lauren Eckhart Smith,* |
| | Thomas J. Curran, Doris D. Short, Pecker & Abramson, P.C., New York, NY, *Attorneys for Turner Construction Company,* |
| | Patrick A. Mullin, Law Offices of Patrick A. Mullin, New York, NY, *Attorneys for Eurotech Construction Corp. and Fay Devlin,* |
| | Jonathan M. Cooper, Law Offices of Jonathan M. Cooper, Cedarhurst, NY, *Attorneys for Javier Paulino,* |
| | Aaron H. Pierce, Pierce & Kwok LLP, New York, NY, *Attorneys for Anthony Guzzone,* |
| | Eric P. Franz, Law Offices of Eric Franz, P.L.L.C., Mineola, NY, *Attorneys for Douglas Donaldson,* |
| | Edward M. Spiro, Morvillo Abramowitz Grand Iason & Anello P.C., New York, NY, *Attorneys for Donaldson Acoustics Co., Inc. and Duane Robert Donaldson,* |
| | Jason A. D'Angelo, Herrick, Feinstein LLP, New York, NY, *Attorneys for Marilyn Francisco,* |
| | Brian King, David Smith, Smith & King, LLC, Garden City, NY, *Attorneys for Michael Campana.* |

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED.**

2

Nastasi & Associates, Inc. ("Nastasi"), appeals from a March 11, 2020 judgment of the district court granting Defendants' motion to dismiss and subsequent order denying Nastasi's motion for reconsideration. The district court held that Nastasi lacked Article III standing to pursue its claims because it had assigned its assets, including its legal claims, to the "Franklin D. Nastasi Trust." We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, this Court held that "a pre-suit assignment does not extinguish Article III standing," clarifying that "there is a distinction between having standing to pursue a claim and being a real party in interest with respect to that claim, only the latter of which is implicated by an assignment." 19-2719-CV, 2021 WL 1010596, at *5 (2d Cir. Mar. 17, 2021). Neither party contests that in consideration of this Court's recent decision, the district court's dismissal, on the basis that Nastasi lacked Article III standing, was in error. As to the district court's alternative holding under Rule 17 of the Federal Rules of Civil Procedure, the court's fact-finding as to the "real party in interest" and its determination that Nastasi had a "reasonable time . . . for the real party in interest to ratify, join, or be substituted into the action" may have been impacted by its determination that the issue was a matter of Article III standing. *See* Special App. 16–17 n.1 (quoting Fed. R. Civ. P. 17(a)(3)). We therefore remand to the district court for reconsideration in light of this Court's decision in *Fund Liquidation Holdings*.

\* \* \*

3

We have considered Nastasi's remaining arguments and find them to be without merit.[1]

Accordingly, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Appellant's pending motion requesting that this Court take judicial notice of a filing in the related state-court action is denied as moot.